UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION – WORCESTER

HOWARD D. GROSSMAN in his individual capacity and as personal representative of the Estate of LINDA P. GROSSMAN,

        Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

        Defendant.

CASE NO. 22-cv-_____

## COMPLAINT

Plaintiff, Howard D. Grossman, for himself and as personal representative of the Estate of Linda P. Grossman ("Plaintiff"), by and through his counsel of record, hereby institutes this action against Defendant THE UNITED STATES OF AMERICA, and states as follows.

### PRELIMINARY STATEMENT

1. Plaintiff brings this action under section 7422 of the United States Internal Revenue Code (the "Code"), 26 U.S.C. § 7422), for recovery of: (i) income taxes Plaintiffs paid to Defendant United States of America; and (ii) statutory interest on such overpayment of tax.

### PARTIES

2. Plaintiff, Howard D. Grossman is an individual and resident of Southborough, Massachusetts.

3. The United States of America is the proper defendant in an action seeking refund of internal revenue tax or other relief related to the actions of the Internal Revenue Service (the "Service").

4881-8680-0964.1

4. Linda P. Grossman is the deceased spouse of Howard D. Grossman (Linda and Howard, together, the "Grossmans"). The Grossmans filed joint income tax returns for the years in question. Ms. Grossman died on September 30, 2021. On February 1, 2022, Mr. Grossman was appointed as the personal representative of Ms. Grossman's estate in the proceeding pending in the Worcester Probate and Family Court styled as *Estate of Linda P. Grossman*, No. WO21P3909EA. A true and accurate copy of the Letters of Authority For Personal Representative is attached hereto as **Exhibit A**.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter of this action and the Defendant pursuant to the Administrative Procedure Act ("APA") 5 U.S.C. § 702, 28 U.S.C. § 1331, 28 U.S.C. § 1340, and 28 U.S.C. § 1346.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to the claim occurred in Massachusetts, and Plaintiff is a resident of Massachusetts.

## FACTS

7. The Grossmans timely filed a joint individual federal income tax return for the tax year ending December 31, 2013 that showed no tax due.

8. The Grossmans timely filed a joint individual federal income tax return for the tax year ending December 31, 2014 that showed tax due in the amount of $164,253 and timely remitted therewith the entire amount due including withholdings.

9. The Grossmans timely filed a joint individual federal income tax return for the tax year ending December 31, 2015 that showed tax due in the amount of $270,565 and timely remitted therewith the entire amount due including withholdings.

10. The Grossmans timely filed a joint individual federal income tax return for the tax year ending December 31, 2018 that showed no tax due and a net operating loss ("NOL") of $488,610.

11. The Grossmans timely filed a joint individual federal income tax return for the tax year ending December 31, 2019 that showed no tax due and an NOL of $1,157,074.

12. On March 27, 2020, the President of the United States signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. Section 2303(b) of the CARES Act amended section 172(b)(1) of the Internal Revenue Code to provide for a carryback of any NOL arising in a taxable year beginning after December 31, 2017, and before January 1, 2021, to each of the five taxable years preceding the taxable year in which the loss arises (the "Carryback Period").

13. On January 21, 2021, the Grossmans filed Form 1040Xs to amend their 2013, 2014, 2015, 2018, and 2019 income tax returns for the purpose of applying accrued NOL carrybacks for the years 2018 and 2019 against their originally reported income.

14. The Grossmans timely amended federal income tax returns reported corrected tax liabilities and requested refunds as reported in the amended returns (the "Refund Claim"). The Refund Claim expressly satisfied the requirements of sections 6532 and 7422 of the Code.

15. On November 4, 2021, the Service sent the Grossmans a letter denying the 2014 Refund due to interest restrictions. The Service advised the Grossmans that the 2018 and 2019 NOLs could not be combined. The Service further advised the Grossmans to file a Form 1040X to remove the 2018 Carryforward on the 2019 Return and then resubmit their carryback claims once they receive notice that the Service has processed the 2018 and 2019 amended returns. The Service advised the Grossmans that after they the resubmit their amended returns, they must file a Form 1040X for each NOL for which they are requesting an adjustment.

16. The Grossmans subsequently amended their 2019 income tax return to remove the NOL carryover from 2018. This amendment allowed the Grossmans to carryback the 2018 NOL and apply it against income for the years 2013 and 2014.

## COUNT 1

(Refund of Federal Income Tax – 26 U.S.C. § 7422)

17. Plaintiff re-alleges and incorporates paragraphs 1 through 17 as if set forth fully herein.

18. The IRS has not allowed the Refund Claim. More than six months have passed since the Grossmans filed their Refund Claim.

19. The Grossmans have overpaid their federal income tax for the taxable year(s) ended December 31, 2013, 2014, and 2015. Defendant has refused or failed to refund any part of the overpayment.

20. Plaintiff is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant him the relief request above, including:

a) Enter judgment against Defendant in the sum of $394,451, representing overpayments in tax, and for interest thereon as provided by law;

b) Award Plaintiff reasonable litigation costs incurred in this proceeding pursuant to 26 U.S.C. § 7430 and reasonable costs and attorneys' fees pursuant to 28 U.S.C. § 2412; and

c) Grant such other and further relief as the Court may deem equitable and proper.

4881-8680-0964.1

## **JURY DEMAND**

Plaintiff requests a trial by jury on all claims so triable.

                                          Respectfully submitted,

                                          HOWARD D. GROSSMAN,

                                          By His Attorneys,

                                          /s/ *Jon S. Barooshian*
                                          Jon S. Barooshian (BBO# 566755)
                                          BOWDITCH & DEWEY LLP
                                          101 Federal Street, Suite 1405
                                          Boston, MA 002110
                                          Tel: (617) 757-6525
                                          Fax: (508) 929-3021
                                          Email: jbarooshian@bowditch.com

Dated:  January 17, 2023